IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL DELAROSA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-03092-D (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Daniel Delarosa, a Texas prisoner confined at the TDCJ-CID Eastham Unit in Lufkin, Texas, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Delarosa originally filed his § 2254 petition in the Lufkin Division of the Eastern District of Texas. However because he was convicted and sentenced in Navarro County, which is located in the Dallas Division of Northern District of Texas, the Eastern District court transferred his petition here. The District Court then referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Delarosa's petition without prejudice for failure to exhaust state remedies.

I.

Delarosa pleaded guilty to and was convicted of aggravated robbery in the 13th District Court of Navarro County, Texas. *See* Pet. 2 (ECF No. 1). The court sentenced him to 61 years in prison. *Id.* Delarosa filed a direct appeal

1

in the 10th Court of Appeals, and the court affirmed his conviction and sentence. *Id.* 3. He then filed a petition for discretionary review (PDR), and his appointed counsel filed an *Anders* brief. *Id.* After the court refused his PDR, he filed a state application for writ of habeas corpus on March 11, 2021. *Id.* 3-4. Delarosa concedes that his state application for writ of habeas corpus was "still pending" when he filed this § 2254 petition. *Id.* 4.

In his § 2254 petition, Delarosa argues: (1) he received ineffective assistance of counsel when his attorney failed to communicate the plea offers to him in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 19 of the Texas Constitution; (2) he received ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 19 of the Texas Code of Criminal Procedure Article 1.04 when his attorney failed to advise him of a 30-year plea offer after the 15-year plea offer was "removed"; (3) his guilty plea was not voluntary and intelligent, and he was convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel; (4) he received ineffective assistance of counsel when his attorney failed to investigate his mental capacity, request a mental evaluation, and move to have the results admitted in his PSI Report; and (5) his appellate attorney provided ineffective assistance of counsel when he filed an *Anders* brief where there were meritorious, reversible errors that he could have raised.

II.

Before a state prisoner seeks a federal writ of habeas corpus, he must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review; or (2) he can file an application for writ of habeas corpus in the Texas Court of Criminal Appeals. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A claim is deemed unexhausted if a petitioner has the right under state law to raise it through any available procedure and fails to do so. 28 U.S.C. § 2254(c). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Federal courts dismiss without prejudice a federal petition for writ of habeas corpus when the grounds contained therein have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Here, Delarosa sought a PDR, but his appointed attorney filed only an *Anders* brief. Therefore, the five claims he now raises in his § 2254 petition were not addressed in his PDR. Delarosa filed a state application for writ of habeas corpus on March 11, 2021, and it presents similar claims to those raised in his § 2254 petition. The state application for writ of habeas corpus was still pending when he filed his § 2254 petition. Pet. 4 (ECF No. 1). Delarosa has therefore failed to demonstrate that he exhausted his available

3

state remedies before filing his petition in this Court. *See Bogus v. Davis, 2019 WL 2392897, at \*2 (S.D. Tex. June 6, 2019)* ("Bogus has not satisfied the exhaustion requirement because his pleadings reflect that he has filed the same or similar claims in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, which remains pending in state court and have not yet been resolved or presented to the Texas Court of Criminal Appeals.") (footnote omitted).

### III.

The Court should DISMISS Delarosa's petition without prejudice for failure to exhaust state remedies.

Signed December 15, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).